## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **JURY TRIAL DEMANDED** |
| **ADVOCATE AURORA HEALTH, INC.** | ) ) | |
| **Defendant.** | ) ) ) | |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on religion and retaliation and to provide appropriate relief to an employee who filed a charge of discrimination with the EEOC, ("Charging Party") who was adversely affected by such practices. As alleged with greater particularity below, Advocate Aurora Health, Inc., ("Defendant") discriminated against the Charging Party in violation of Title VII when it failed to provide her a religious accommodation to Defendant's mandatory COVID-19 vaccine policy.

### JURISDICTION AND VENUE

1)      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2)      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

1

PARTIES

3)      Plaintiff, the Equal Employment Opportunity Commission (the "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1), (3).

4)      Defendant is a healthcare provider, operating clinics and hospitals.

5)      At all relevant times, Defendant, a Delaware-registered non-profit corporation, has continuously been doing business in the State of Illinois and the City of Barrington.[1]

6)      At all relevant times, Defendant has continuously had at least 15 employees.

7)      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

ADMINISTRATIVE PROCEDURES

8)      More than thirty days prior to the institution of this lawsuit, the Charging Party filed EEOC Charge No. 440-2022-00413 with the EEOC alleging a violation of Title VII by Defendant Advocate Health.

9)      On August 23, 2024, the EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII when it failed to provide the Charging Party a reasonable accommodation based on religion.

10)     The EEOC invited Defendant to join with the EEOC in informal methods of

---

[1] On December 2, 2022, Advocate Aurora Health combined with Atrium Health, Inc., (a North Carolina non-profit corporation), and created Advocate Health, Inc., a non-stock corporation registered in Delaware. Advocate Aurora Health and its facilities have retained their separate legal status following the combination. During the EEOC's administrative process, Advocate Aurora Health did not dispute that it was the proper respondent to the Charging Party's charge of discrimination.

conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11)     The EEOC engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12)     The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC.

13)     On July 23, 2025, the EEOC issued to Defendant a Notice of Failure of Conciliation.

14)     All conditions precedent to the institution of this lawsuit have been fulfilled.

<u>STATEMENT OF CLAIMS</u>

15)     Since at least August 2021, Defendant engaged in unlawful employment practices affecting the Charging Party in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1), and Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a).

16)     Defendant instituted a mandatory COVID-19 vaccination policy in August 2021, which required healthcare employees to be vaccinated by the end of October 2021. The policy allowed for exemptions for religion and medical/health reasons. Pursuant to Defendant's policy:

a)  Employees could submit an exemption request that was expected to be reviewed by a committee of Defendant's employees.

b)  Employees who requested a religious accommodation, were required to submit documentation that expressed moral or religious objections to the COVID vaccine or any of its components. Documentation could include copies of doctrine, scripture or a note from the individual's religious leader.

c)  Employees whose religious exemption or religious accommodation request was denied could appeal the decision to Defendant.

3

d)  Employees who remained unvaccinated as of October 18, 2021, and who did not request an exemption or whose exemption request was denied would be terminated.

17)     Since at least 2014, Defendant has also maintained a mandatory Influenza and Pertussis (Tdap) vaccination policy, which required healthcare employees to be vaccinated at the time of hire. This policy also allowed for exemptions for religion and medical/health reasons, which needed to be renewed on an annual basis.

18)     The Charging Party is a Christian. Among other religious beliefs and practices, she believes in biblical guidelines regarding clean and unclean animals, and follows a biblical teaching that one should not put unclean animals into the body.  She believes that her body is a temple, which the Bible commands her to keep pure. Her religious beliefs and practices do not permit abortion.

19)     The Charging Party's religious beliefs conflicted with Defendant's mandatory vaccination policy.

20)     On or about September 2014, the Charging Party requested a religious exemption from Defendant's mandatory Influenza and Pertussis vaccination policy, which she supported with a statement describing her religious beliefs.

21)     On or about September 19, 2014, Defendant approved the Charging Party's request for a religious exemption from the Influenzas and Pertussis vaccination policy.

22)     On or about August 2015, the Charging Party requested renewal of the religious exemption from the Influenza and Pertussis vaccination policy, and provided a statement describing her religious beliefs. Defendant again approved the exemption.

23)     On or about August 24, 2016, Defendant granted the Charging Party a "Lifetime Religious Approval" exemption from Defendant's vaccination policy.  This "Lifetime Religious Approval" meant that the Charging Party did not have to submit yearly exemption requests.

4

24)     On or about August 22, 2021, the Charging Party requested a religious accommodation from Defendant's mandatory COVID-19 vaccination policy, by completing Defendant's "COVID Vaccination Religious Exemption Request Form" and submitted a letter describing her religious beliefs and opposition to the vaccine.

25)     On or about September 3, 2021, Defendant denied the Charging Party's request for religious accommodation on the grounds that it was missing sincere religious belief connected to COVID vaccine objection.

26)     The Charging Party appealed the denial on or about September 8, 2021, and submitted an additional statement explaining her religious beliefs and opposition to receiving the vaccine.

27)     On or about September 17, 2021, Defendant denied the Charging Party's appeal, on the grounds that it was based on vaccine safety or efficacy statements.

28)     On or about October 18, 2021, due to Defendant's failure to provide the Charging Party a religious accommodation, Defendant terminated her employment.

29)     The effect of the practices complained of above in Paragraphs 15 - 29 has been to deprive the Charging Party of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion.

30)     The unlawful employment practices complained of above were intentional.

31)     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Charging Party.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees,

attorneys, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate because of religion in violation of Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities regardless of religion, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole the Charging Party by providing appropriate backpay, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including reinstatement.

D. Order Defendant to make whole the Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the paragraphs above, in amounts to be determined at trial.

E. Order Defendant to make whole the Charging Party by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including emotional pain, suffering, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay the Charging Party punitive damages for its malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

G. Order Defendant to pay prejudgment interest to the Charging Party.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint that do not relate solely to equitable relief.

Dated: December 18, 2025

CATHERINE ESCHBACH
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, D.C., 20507

GREGORY GOCHANAUR
Regional Attorney
Chicago District Office

Ethan Cohen
Assistant Regional Attorney
Chicago District Office
230 S. Dearborn, #2920
Chicago, IL 60604
Telephone: (312) 872-9679
E-mail: ethan.cohen@eeoc.gov

/s/ Greger B. Calhan
Greger B. Calhan
Trial Attorney
Minneapolis Area Office
330 South Second Avenue, Suite 720
Minneapolis, MN 55401-2224
Telephone: (612) 552-7323
E-mail: Greger.Calhan@eeoc.gov